BLD-209                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1442
_____

JOSHUA I. PAYNE,
                                        Appellant

v.

K. DUNCAN; J. ZEIGLER; S. SETTLE;
K. MCELWAIN; MICHAEL BELL; S. WHALEN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 15-cv-01010)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 4, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 10, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joshua Payne appeals, pro se and in forma pauperis, the District Court's final order granting Defendants' motion for summary judgment. We will summarily affirm because no substantial question is presented.

In May 2015, Payne filed suit under 42 U.S.C. § 1983 against six SCI Camp Hill employees – Duncan, Ziegler, Settle, McElwain, Whalen, and Bell. Payne specifically alleged that, in retaliation for filing previous grievances and lawsuits, Duncan and Ziegler searched his cell in March 2013 and removed and discarded his legal and religious materials and personal photographs. The officers allegedly denied his request for a confiscation slip, and defendants McElwain and Settle refused to act on his report of missing property. Payne alleged that all six defendants violated his equal protection rights by obstructing his ability to present his evidence in other lawsuits. Payne alleged that defendants Settle, McElwain, and Whalen conspired to violate his constitutional rights by assisting in the destruction of his legal materials. He alleged that Bell conspired to violate his constitutional rights by assigning Whalen as his initial grievance officer in violation of the prison grievance procedure. Payne filed a prison grievance in March 2013 and alleges he also submitted a subsequent grievance.

The Defendants moved to dismiss for failure to state a claim or, in the alternative, summary judgment. The District Court entered summary judgment in favor of the Defendants. Payne timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and review de novo the District Court's decision to grant summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). While viewing the facts in a light most favorable to the nonmoving party, Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993), we will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323-33 (1986).

Payne has not properly exhausted the claims presented in his federal civil rights suit. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 92 (2006); Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). A Pennsylvania inmate's failure to properly identify a fact relevant to a claim – including the identity of a defendant – in a grievance constitutes a failure to properly exhaust his administrative remedies as to that defendant. See Spruill, 372 F.3d at 234.

Here, Payne's initial grievance named only Defendant Whalen – Duncan, Ziegler, Settle, and McElwain are not named at all, and the grievance is merely addressed to Bell. Payne did not assert any claims relating to access to courts, equal protection, the Eighth Amendment, or substantive or procedural due process in his initial grievance. Payne's administrative appeal mentioned only Whalen. Payne's final appeal at the prison level did not identify any of the named Defendants, nor did it assert any claims relating to access to courts, conspiracy, substantive or procedural due process, the Eighth

3

Amendment, or equal protection. Payne has submitted no argument or evidence showing that he named these defendants or claims at any point in the grievance process.

The material facts are thus not in dispute: Payne did not properly exhaust all available administrative remedies as to the Defendants because he did not identify each of them in his prison grievances or subsequent appeals. See 42 U.S.C. § 1997e(a); Spruill, 372 F.3d at 234. And he did not exhaust his administrative remedies as to the access to courts, conspiracy, substantive and procedural due process, Eighth Amendment, or equal protection claims for the same reason. Thus, Defendants are entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Celotex Corp., 477 U.S. at 323-33.

For the foregoing reasons, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.